## Benz v. Benz

*David E. Auerbach,* for plaintiff.
*Peter A. Dunn,* for defendant.

DE FURIA, *J.,* January 18, 1982—Plaintiff-wife filed a petition under the Divorce Code of 1980 to enjoin defendant-husband from selecting certain payment options under his retirement plan which would limit or lower her survivor benefits thereunder. This court refused to enjoin defendant-husband from the free exercise of the options available to him. From this court's order dismissing plaintiff's petition, an appeal has been taken. Hence, this opinion.

### HISTORY OF CASE

Plaintiff, in July, 1980, commenced an action in divorce which culminated in the issuance of a final decree in divorce on July 31, 1981.

Plaintiff and defendant are each 59 years of age. Defendant is presently, and has been for many years, an employee of Scott Paper Company. In July

or August 1981, defendant was advised of and "encouraged" to participate in a "Special Voluntary Early Retirement Program" being offered from September 1, 1981 through October 31, 1981. Defendant "elected" to participate in the program and has so advised Scott Paper Company.

Under the "Special Voluntary Early Retirement Program" defendant was issued a document headed "Summary of Established Income Schedule" whereby defendant is permitted to select from four options.

Plaintiff has asserted in her petition that she is desirous of having one of the option plans selected wherein she would be the recipient of continued payments after defendant's death, the "Joint Survivor Option"; and she has by this petition requested the court to prevent defendant from selecting the option of his choice.

Plaintiff-petitioner has suggested in her petition that the court has jurisdiction under the Divorce Code of 1980 to prevent defendant from selecting a retirement option until final disposition of all marital issues. Defendant has strongly resisted any such contention, although it is admitted that a spouse's pension benefits are marital property under the Divorce Code.

## OPTION MUST BE EXERCISED WITHIN LIMITED TIME

Under the rules and regulations of the company and of the pension plan, husband-defendant must choose one of four options within a certain time after retirement. Although the husband was facing this deadline and an option-decision was necessary, this court, in its order, provided that any exercise of

the option would not become irrevocable before plaintiff had an opportunity to appeal.

## NOVEL QUESTION AT ISSUE: EXERCISE OF PAYMENT OPTION

The briefs of the parties indicate that no case was found from other no-fault divorce — equitable distribution states deciding or discussing the legal issue posed herein. May the owner of a vested and matured pension plan (admittedly a marital property asset) exercise an option of his choice as to payment plans?

The Divorce Code is silent and does not cover this issue. The code provides for protection of a spouse, after death of the other spouse, only when there is an existing insurance policy. In such instance, the court may order a continuance of the policy without change of beneficiary, by maintaining payment of the premium. (§401(i).)

The act, however, does not attack the problem raised, even in the continuation of insurance policy protection, of the options normally provided in the insurance contract for payment to the beneficiary, i.e., lump sum or installment, and the like.

This court felt constrained to hold that it had no authority to limit the existing contractual and constitutional rights of defendant-husband. Wherefore, we refused to enjoin defendant from exercising any contractual option open to him under his retirement plan and agreement with his employer.

We note, also that plaintiff-wife may be protected by proper allocations to her credit either in equitable property division or through alimony payments depending upon the property situation resulting from the husband's exercise of his option choice.